# COPY

Todd M. Friedman (SBN 216752)
tfriedman@toddflaw.com
Adrian R. Bacon (SBN 280332)
abacon@toddflaw.com
Meghan E. George (SBN 274525)
mgeorge@toddflaw.com
Thomas E. Wheeler (SBN 308789)
twheeler@toddflaw.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: (323) 306-4234
Fax: (866) 633-0228

Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 26 2021

Sherri R. Carter, Executive Officer/Clerk of Court

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - UNLIMITED JURISDICTION

BEVERLY TAYLOR, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

AT&T INC. dba AT&T SERVICES, INC., a Delaware corporation; and DOES 1-10, inclusive,

Defendants.

Case No. **21STCV11818**

**CLASS ACTION COMPLAINT**

1. Violation of the False Advertising Act (Cal. Bus. & Prof. Code § 17500, *et seq.*);
2. Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*); and
3. Violation of California Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*).

**Jury Trial Demanded**

BY FAX

Plaintiff, on behalf of herself and all similarly situated consumers, alleges against Defendants as follows:

///

///

///

///

1

## **NATURE OF THE ACTION**

1. Plaintiff brings this class action to stop Defendants' false and misleading advertisements of its warranty replacement policies for purchased new cellular phones and obtain redress for a California class of consumers who changed position, within the applicable statute of limitations period, as a result of Defendants' false advertising.

2. Defendants are engaged in the sale and distribution of internet, television, and telephone services and represent through sales agents that the purchase of a new cellular phone a warranty came with a warranty providing that any defective product would be replaced by another new cellular phone. However, Defendants misrepresented the terms of the warranty and falsely advertised to consumers, including Plaintiff, that a new phone that was defective would be replaced by a refurbished phone, not another new phone.

3. Defendants' misrepresentations Plaintiff and other consumers to purchase, or attempt to purchase, these new cellular phones and relied on Defendants' misleading representations regarding the accompanying warranty. But for the misrepresentations, Plaintiff and others similarly situated would not have purchased or attempted to purchase the phones.

## **JURISDICTION AND VENUE**

4. This class action is brought pursuant to California Code of Civil Procedure § 382. All claims in this matter arise exclusively under California law. The monetary damages, penalties, and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10. The statutes under which this action is brought do not specify any other basis for jurisdiction. Plaintiff's share of damages, penalties and other relief sought in this action does not exceed $75,000.

5. This Court has jurisdiction over all Defendants because Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

6.      This Court also has jurisdiction over Defendants because Defendants do business to such an extent within and throughout California as to demonstrate its purposeful availment of the benefits and obligations of the laws of this State.

7.      Venue is proper in this Court because a substantial portion of the transactions and occurrences related to this action occurred in this county.  Code Civ. Proc. § 395. Plaintiff is informed and believes and thereon alleges that Defendants conduct business and have locations in Los Angeles County and that the events complained of occurred in this county. The case is also properly filed in this District pursuant to Local Rule 2.3.

## THE PARTIES

8.      Plaintiff BEVERLY TAYLOR ("Plaintiff") is a resident of Los Angeles County, California.

9.      Defendant AT&T INC. ("Defendant" or "AT&T") is, and at all relevant times was, a corporation formed under the laws of the State of Delaware with principal place of business in Dallas, Texas.

10.      All references to "Defendant" or "AT&T" include its subsidiaries and agents.

11.      Plaintiff is informed and believes, and thereon alleges, that every act and omission alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties authorized to act on its behalf.  The acts and/or omissions of all such employees, agents, and/or third parties were in accordance with, and represent, Defendant's official policy.

12.      Plaintiff is informed and believes, and thereon alleges, that Defendant is in some manner intentionally, negligently, and/or otherwise responsible for the acts, omissions, occurrences, and transactions of such employees, agents, and/or third parties acting on Defendant's behalf and which proximately causing the damages herein alleged.

13.      At all relevant times, Defendant aided and abetted and/or ratified every act and/or omission complained of herein.

14.      The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants

CLASS ACTION COMPLAINT

by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts and/or omissions alleged. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

15.     The use of the collective "Defendants" in this complaint, unless specifically alleged otherwise, is intended to include and charge, both jointly and severally, not only AT&T, but also all DOE Defendants.

16.     At all times hereinafter mentioned, Plaintiff will show, according to proof, that Defendants, and each of them, were and are the alter egos, successors, and/or successors in interest, of the others.

## GENERAL ALLEGATIONS

17.     Plaintiff incorporates by reference all preceding paragraphs as though set forth fully herein.

18.     Defendants are well-known and established in the telecommunications industry and are, at all relevant times, engaged in the manufacture, marketing, supply, and distribution of new cellular phones. Defendants are also a well-known wireless service provider.

19.     On information and belief, Defendants regularly provide limited warranties and/or replacement programs for such products and/or services in the ordinary course of business.

20.     Reasonable consumers purchase cellular phones accompanied by warranty and/or replacement programs, such as those manufactured, advertised, and distributed by Defendants, to protect their often substantial investments should the products and/or services be defective.

21.     Reasonable consumers also rely on the representations and advertisements made by Defendants' authorized retailers and/or agents regarding the applicable warranties and/or replacement programs, which are material to consumers' purchase decisions.

22.     When they consider purchasing new cellular phones from a wireless service provider, consumers reasonably believe that the products and services will not be defective. The

1  accompanying warranties and replacement programs, for which retailers and/or manufacturers

2  and distributors receive valuable consideration, are meant to ensure against any unknown or

3  latent defect about which the consumer could not possible be aware at the point of sale.

4      23.   Defendants provided a warranty, effective at the point of sale, that Defendants

5  would replace certain of its new cellular phones with new cellular phones of the same value if

6  they were found to contain a defect.

7      24.   Despite representations, Defendants failed to disclose that it would replace

8  defective phones with pre-owned, refurbished cellular phones of lesser value.

9      25.   Defendant also fails to disclose a re-stocking fee that applies to all replacements

10  under the warranty.

11     26.   The sale of new cellular phones confers on Defendants a significant benefit in

12  terms of both profits and market exposure. However, many consumers who purchased

13  Defendants' cellular phones in reliance on representations that the value of the purchase was

14  ensured by Defendants' warranty and replacement program would not have purchased, or would

15  have paid less for, these new cellular phones had they known the replacement phone would be

16  pre-owned and refurbished.

17     27.   Plaintiff is informed and believes, and thereon alleges, that Defendants do not

18  disclose the terms of the warranty and replacement program in writing to consumers prior to

19  purchase in order to promote sales.

20     28.   Instead Defendants makes oral representations to prospective buyers that are

21  inaccurate, incomplete, and misleading.

22     29.   Defendants thus knowingly and intentionally conceal the true terms of the

23  warranty and replacement program for their own benefit and to consumers' detriment.

24     30.   Such misrepresentations are objectively false and constitute a violation of the

25  False Advertising Act ("FAL"), Cal. Bus. & Prof. Code § 17500, *et. seq.*

26     31.   Defendants' false advertising also constitutes an unlawful, unfair, and fraudulent

27  business practice or act in violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof.

28  Code § 17200, *et. seq.*,

CLASS ACTION COMPLAINT

32.     Moreover, Defendants' false advertising constitutes a violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et. seq.*

33.     On behalf of herself and all other similarly situated consumers in California, Plaintiff seeks an injunction requiring Defendant to cease advertising certain of its products and services in a manner that is deceptive and to disclose all material terms in a conspicuous manner at or prior to the point of sale.

34.     Plaintiff also seeks an award of damages, on behalf of herself and all others similarly situated, as well as costs and reasonable attorneys' fees and all other available relief the Court deems proper.

## **PLAINTIFF'S PURCHASE**

35.     On or around April 13, 2019, Plaintiff purchased a new cellular phone from Defendant's El Segundo, CA location. Plaintiff purchased the "AT&T Next" service program under which she was provided with a new cellular phone for which she would pay a monthly fee.

36.     Defendants, through its agents, misrepresented to Plaintiff that a warranty would accompany the purchase of the brand-new cellular phone (hereinafter "Class Products"), whereby the new cellular phone would be replaced by another new cellular phone of the same value if a defect were discovered.

37.     Plaintiff was shown a copy of the relevant warranty and replacement policy on an electronic device maintained by Defendants' retail employee but was not provided a copy of the warranty. Plaintiff was thus forced to rely on the agent's oral representations regarding the terms and conditions of Defendants' warranty and replacement program.

38.     Plaintiff purchased service and received the new cellular phone from Defendants in reliance on those representations, including that Defendants would honor all material terms and conditions.

39.     Accordingly, at the time of purchase, Defendant omitted, suppressed, misrepresented, and/or concealed the material fact that a defective cellular phone would be replaced with a refurbished phone of lesser value and that a re-stocking fee would apply, with

1   the intent to induce Plaintiff to purchase the service and new cellular phone.

2       40.    Shortly after the purchase, Plaintiff discovered that the new cellular phone was

3   defective, and that its touchscreen, charging port, and earbuds did not function correctly or as

4   advertised.

5       41.    Plaintiff returned the defective new phone, but rather, than receiving a new

6   defect-free phone of the same value, Defendants replaced Plaintiff's new cellular phone with a

7   pre-owned, refurbished phone of lesser value, for which Plaintiff was also charged a re-

8   stocking fee.

9       42.    Refurbished phones are of lesser value than new never-used phones, yet

10   Defendants failed to disclose to Plaintiff that her new phone would be replaced with a pre-

11   owned, refurbished phone of lesser value if she discovered any defect in her new phone after

12   purchase.

13       43.    It was not until Plaintiff contacted AT&T's customer service department

14   regarding the defect(s) that Defendants informed Plaintiff of the true terms and conditions of

15   its warranty and replacement program.

16       44.    Furthermore, Defendants attempted to disavow responsibility by telling

17   Plaintiff she was responsible for reading the terms of the sale on the retail salespersons

18   electronic device before completing the transaction.

19       45.    However, Defendants again failed to provide with a written copy of either the

20   sales contract or the warranty and replacement program. Furthermore, despite multiple

21   requests to AT&T for copies of both, Defendants continued to withhold the agreements.

22   Defendants instead informed Plaintiff by phone that she must go back to the retail location

23   from which she purchased the new phone for copies of the sales contract and warranty

24   agreement.

25       46.    Accordingly, on or around April 30, 2019, Plaintiff returned to Defendant's El

26   Segundo, CA store and requested a copy of the sales agreement. A sales representative told

27   her that the agreement was not accessible and directed Plaintiff back to AT&T's customer

28   service department.

47.     Plaintiff requested to speak with the Store Manager for assistance. Unable to provide Plaintiff with a copy of the agreement Plaintiff had signed for the new phone, the Store Manager instead gave Plaintiff a template contract form, stating that it was substantially similar to the contract Plaintiff had signed.

48.     Unable to obtain a copy of the sales agreement, Plaintiff filed a complaint against Defendants with the Federal Communications Commission ("FCC"), in which she included the defective purchased cellular phone.

49.     On May 6, 2019, Plaintiff was contacted by Defendants' Senior Manager, whom. Plaintiff informed of the defective cellular phone. Plaintiff asked again for a copy of the initial sales agreement, which the Senior Manager stated she was unable to find.

50.     On May 13, 2019, the Senior Manager called Plaintiff to inform her that a new cellular phone would be sent to replace the defective new cellular phone.

51.     However, Plaintiff received a less valuable, pre-owned and refurbished phone as a replacement. Furthermore, Defendants continued to bill Plaintiff for the price of the new phone she originally purchased. Because the replacement phone was less valuable than the product she purchased, Plaintiff continued to pay the bill for the cellular phone service but refused to pay late fees or for the cellular phone itself.

52.     Plaintiff relied on Defendants' statements about the terms and conditions of its warranty and replacement program in deciding to purchase services and a new cellular phone from Defendant rather than from one of its many competitors. Based on assurances that Defendants would replace a new phone with another new phone of the same value if a defect were discovered, Plaintiff agreed to purchase services and pay the premium price for a new phone from Defendants. If she had known at or before the point of sale that Defendants would replace her new cellular phone with a less valuable, pre-owned and refurbished phone, Plaintiff would not have purchased, or would have paid significantly less for, the services and cellular phone from Defendants.

53.     The policy of replacing a defective new cellular phone with a pre-owned, refurbished cellular phone of lesser value and charging a re-stocking fee are material terms

that would have influenced Plaintiff's decision to purchase the wireless service and phone from Defendants rather than from one of its established and reputable competitors.

54. Plaintiff felt deceived and cheated by Defendants not only because they replaced her new phone with a pre-owned, refurbished phone of lesser value, but also because Defendants continued to bill Plaintiff monthly based on the premium price of the new phone even after it had been replaced by a pre-owned phone of lesser value.

55. Plaintiff believes that Defendants will continue to misrepresent its warranty and replacement program to induce sales unless stopped by way of an injunction.

56. As a result of Defendants' inaccurate, incomplete, and misleading representations, Plaintiff has had to spend time and resources trying to resolve the dispute and suffered mental and emotional distress.

57. Plaintiff is informed and believes, and thereon alleges, that Defendant omitted, suppressed, misrepresented, and/or concealed the material fact that a defective new cellular phone would be replaced with a pre-owned, refurbished cellular phone. Plaintiff alleges further that this practice constitutes both a misrepresentation and the fraudulent omission of a material fact relating to Defendants' warranty and replacement policy for certain of its new cellular phones that would be material to a reasonable consumer's purchase decision for products and/or services.

58. Plaintiff is informed and believes, and thereon alleges, that Defendants' policy and practice is to materially misrepresent the warranty and replacement policy applicable to Defendants' services and new cellular phones in order to induce purchase from Defendants rather than their competitors.

59. Defendants have a duty to disclose to consumers the true terms and conditions of the warranty and replacement policy applicable to defective new cellular phones, prior to the point of sale, because such terms and conditions are highly important to a reasonable consumer's purchase decision. The failure to make such disclosures means that reasonable consumers whose new cellular phones contain a defect are effectively required to pay the premium price of the new phone they intended to purchase, and believed they were purchasing, for a less valuable

pre-owned and refurbished phone.

60.     Plaintiff alleges that Defendants' misrepresentations and omissions regarding the warranty and replacement policy were part of a common scheme to mislead consumers and incentivize them to purchase new cellular phones and service.

61.     Such sales tactics necessarily rely on falsities, which tend to mislead and deceive reasonable consumers.

62.     In deciding to purchase the service and new cellular phone from AT&T instead of one of its competitors, Plaintiff relied on Defendants' representations that a defective new cellular phone would be replaced with a new cellular phone of the same value.

63.     Such representations were clearly false because the cellular phone provided as a replacement by Defendant was refurbished rather than new and of lesser value.

64.     Plaintiff would not have purchased the products and services  from Defendant, or would have paid substantially less, if she had known that the representations made by Defendants and/or its agents were misleading, incomplete, and false.

65.     But for Defendants' material misrepresentations and omissions, Plaintiff would not have purchased, or would have paid less for, the services and products from Defendants.

66.     Plaintiff agreed to give her money, attention and time to Defendant because of the warranty program the Class Products were orally advertised to include.  Defendant benefited from falsely advertising the warranty and replacement policies of the Class Products.  Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

67.     Had Defendant properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased or attempted to purchase the Class Products would have believed that a defective Class Product would be replaced with a new Class Product.

68.     Defendant's acts and omissions were intentional and resulted from Defendant's desire to mislead consumers into purchasing the Class Products.

## CLASS ACTION ALLEGATIONS

69.     Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

70.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased one or more Class Products in the State of California, namely cellular phones on which Defendant failed to disclose the warranty policy of replacing new devices with refurbished devices.

71.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

72.     Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

73.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

74.     Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

75.     No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class members and Defendant.

76.     Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

77.     There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)     Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

(b)     Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

(c)     Whether Defendant profited from the sale of the wrongly advertised telephone services;

(d)     Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., and Cal. Civ. C. §1750 *et seq*.;

CLASS ACTION COMPLAINT

(e)    Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f)    Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g)    The method of calculation and extent of damages for Plaintiff and Class Members.

78.    Plaintiff is a member of the Class she seeks to represent.

79.    The claims of Plaintiff are not only typical of all Class members, they are identical.

80.    All claims of Plaintiff and the Class are based on the exact same legal theories.

81.    Plaintiff has no interest antagonistic to, or in conflict with, the Class.

82.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

83.    Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

84.    Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**

**Violation of the California False Advertising Act**

**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

85.    Plaintiff incorporates by reference each allegation set forth above.

86.    Pursuant to California Business and Professions Code section 17500, *et seq*., it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of

a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

87.     California Business and Professions Code section 17500, *et seq*.'s prohibition against false advertising extends to the use of false or misleading written statements.

88.     Defendant misled consumers by making misrepresentations and untrue statements about the warranty of the Class Products, namely, Defendant omitted the fact that its warranty policy replaced new, defective cellular phones with less valuable used, refurbished phones in a deceptive manner, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

89.     Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

90.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property, time, and attention.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Products. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products from Defendant believing that in case there was an issue with the Class Product, Defendant would replace it with a new device. In turn, Plaintiff and other Class Members ended up with refurbished cellular phones that were of less value than their initially purchased new phones, for which they were billed in an unreasonable and deceptive manner, and therefore Plaintiff and other Class Members have suffered injury in fact.

91.     Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

92.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees that the Class Products would be replaced by new products if defective.

93.     Defendant knew that its warranty program would not provide Plaintiff and Class Members with new replacement cellular phones as they are advertised.

94.     Thus, Defendant knowingly deceived Plaintiff and other putative class members in order to induce them to purchase the Class Products from Defendant.

95.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.   Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

96.     Plaintiff incorporates by reference each allegation set forth above.

97.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

98.     California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the

UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

99.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

100.    Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to omit the true warranty policy of the Class Products.  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

101.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiff and members of the Class that Defendant's warranty policy would provide a new replacement device upon purchasing Defendant's Class Products that happened to be defective.  In fact, Defendant knew that they had no intention of providing the advertised warranties, instead providing refurbished replacement phones while charging Plaintiff and members of the Class the price for new phones, and thus unfairly profited from their sale.  Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

102.    Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided.  After Defendant falsely represented the replacement policy for Class Products, Plaintiff and class members suffered injury in fact due to Defendant's sale of Class Products to them. Defendant failed to take reasonable steps to inform Plaintiff and class members that the warranty for the Class Products was not as advertised, and instead replaced new Class Products with less valuable, refurbished Class

Products.  As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase cellular phones and continue paying the monthly price of a new cellular phone for a refurbished cellular phone.  Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

103.    Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

104.    California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

105.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

106.    Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Defendant did not provide Plaintiff with the warranty as represented by Defendant. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

107.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as having a warranty that would replace defective phones with new phones when in reality they were replaced with refurbished phones and thus falsely represented the Class Products.

108.    Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

# UNLAWFUL

109.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

110.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the replacement policies of defective Class Products.

111.    Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.  Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

112.    These representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*

113.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## THIRD CAUSE OF ACTION

## Violation of Consumer Legal Remedies Act

## (Cal. Civ. Code § 1750 *et seq.*)

114.    Plaintiff incorporates by reference each allegation set forth above herein.

115.    Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

a.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person

has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);

b.  Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);

c.  Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

d.  Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

e.  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16);

116.  On or about December 20, 2019, through her Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believes to have been violated by Defendant.  Defendant has not replied to this correspondence, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.  This letter is attached hereto as Exhibit A.

**MISCELLANEOUS**

117.  Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

**REQUEST FOR JURY TRIAL**

118.  Plaintiff requests a trial by jury as to all claims so triable.

**PRAYER FOR RELIEF**

119.  Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)  An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)   An order certifying the undersigned counsel as Class Counsel;

(c)   An order requiring AT&T CORP., at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)   An order requiring AT&T CORP. to engage in corrective advertising regarding the conduct discussed above;

(e)   Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(f)   Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)   All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h)   Pre- and post-judgment interest; and

(i)   All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Respectfully submitted,

Dated:  March 23, 2021                      LAW OFFICES OF TODD M. FRIEDMAN, PC

By: _____

TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff
BEVERLY TAYLOR

CLASS ACTION COMPLAINT

1          EXHIBIT A

2          CLRA LETTER

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# Law Offices of Todd M. Friedman, P.C.

**ATTORNEYS FOR CONSUMERS**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
877-206-4741 Toll Free
866-633-0228 Facsimile
California Office
www.ToddFLaw.com

Writer licensed in:
California

E-mail: TFriedman@ToddFLaw.com

December 20, 2019

**Via U.S. Certified Mail**
**AT&T CORP.**
**ONE AT&T WAY**
**BEDMINSTER NJ 07921**

**Confidential Settlement Communication Pursuant to FRE 408 and CEC 1152 and
Notice of Violations of CLRA Pursuant to Cal. Civ. Code §§1782(a)(2)**

**Re:** *Beverly Taylor, individually, and on behalf of all others similarly situated v. AT&T Corp.*

To Whom It May Concern:

Please be advised that our office represents Beverly Taylor ("Plaintiff"), and other similarly situated individuals, in pursuing class action wide legal claims against the AT&T CORP. ("Defendant"), for violations of the Consumer Legal Remedies Act ("CLRA") and California Business and Professions Code §17200 ("BPC") and §17500 ("FAL").

Thus, please accept this correspondence as notice pursuant to the CLRA, of Defendants' violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

1

**Facts**

In or around March 2019, Plaintiff purchased a new cellphone from Defendant through its AT&T Next program. The phone was defective. Plaintiff contacted Defendant multiple times about the issue within thirty (30) days. Defendant replaced the defective phone, but replaced it with a refurbished phone which is of a lesser value than a new phone. The refurbished phone had additional issues. If Defendant had disclosed that its warranty program would not provide for new phones, and only for refurbished phones, Plaintiff would not have agreed to purchase a new device from Defendant.

Plaintiff relied on Defendant's statements about the nature of its warranty in deciding to purchase from Defendant over other competitors.  Plaintiff felt assured that if there was an issue with her phone, Defendant would replace it with a new phone.  Plaintiff would not have agreed to purchase a full price new phone from Defendant if it knew Defendant's warranty would only provide for refurbished devices.

**CLRA (*Cal. Civ. Code* §17500 et seq.) Violations**

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1. Section 1770(a)(7) of the CLRA prohibits anyone from "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."  By falsely marketing, advertising, and representing the price of the services, Defendant lead Plaintiff and Class Members to believe that the services were of a particular price, when they in fact were not.

2. Section 1770(a)(9) of the CLRA prohibits anyone from "[a]dvertising goods or services with intent not to sell them as advertised."  Defendant falsely advertised and marketed the services as being a certain price, when in fact they sold, and intended to sell these services at a much higher price.

3. Section 1770(a)(14) of the CLRA prohibits anyone from "[r]epresenting that a transaction confers or involves rights, remedies, or obligations which it does not have or involve…."  Defendant's acts and practices constitute misrepresentations regarding the rights, remedies, or obligations involved with the services.

4. Section 1770(a)(16) of the CLRA prohibits anyone from "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not."  Defendant misrepresented that the services as being a lower price than they in fact were.

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages and reasonably attorney's fees and costs. *Cal. Civ. Code* §1788 (a) and (d).

2

By engaging in the conduct detailed above, Defendant violated subsections (7), (9), (14), and (16) of the CLRA, thereby entitling Plaintiff, and similarly situated class members to the recovery of actual damages, punitive damages, attorney's fees and costs.

**CBPC (*Cal. Bus. Prof. Code* §17200)**

The CPBC §17200 prohibits unlawful, unfair or fraudulent business acts or practices, and subjects anyone engaging in such conduct to a civil penalty of $2,500 for each violation thereof. *Cal. Bus. Prof. Code §§*17200 and 17206. Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. *Cal. Bus. Prof. Code* §4381(b)-(c).

Defendant's conduct, as detailed above, violate numerous provisions of the CLRA; consequently, said conduct constitutes unlawful business practices. Further, to the extent that Defendant sold its devices to Plaintiffs and similarly situated consumers without the intent to sell them at the price represented, said conduct constitutes fraudulent and unfair business practices, all of which subjects Defendant to statutory penalties of $2,500 per each class member, as well as actual damages, and attorney's fees and costs.

**Demand**

We intend to take this matter up as a class action, and therefore expect that any offers to settle this case must contemplate class-wide settlement. Please contact our offices within twenty (21) days of your receipt of this correspondence, to discuss settlement. Also, please be aware of the CLRA notice provided herein.

Regards,

Todd M. Friedman, Esq.
Attorney at Law

3